## E. NAHM v. JAMES ADEN.

**Malicious Prosecution—Instructions—Argument.**

It is no justification for a defendant in a suit for malicious prosecution to show that he was advised by officers and detectives to procure a warrant for plaintiff's arrest.

**Malicious Prosecution.**

In a suit for malicious prosecution, if the defendant in procuring plaintiff's arrest acted maliciously and without probable cause, plaintiff is entitled to recover.

**Instructions.**

An instruction which requires the jury to find for the plaintiff in a malicious prosecution cause if the defendant in procuring the plaintiff's arrest did not have probable cause for doing so, is erroneous, for before plaintiff is entitled to a judgment he must show that his arrest was procured maliciously and without probable cause.

**Time of Argument.**

The court in its discretion has power to limit the time that shall be given for argument in a cause tried therein, but should not abuse such discretion.

APPEAL FROM WARREN CIRCUIT COURT.

September 26, 1874.

OPINION BY JUDGE COFER:

While the first and second instructions asked for by appellant do not seem to be objected to, yet, as the same thing, in substance, is embraced in the eight instructions given at his instance, we do not see that he was prejudiced by the refusal of the court to give

the first and second. The court was asked in the third and fifth instructions offered by the appellant, to tell the jury, in substance, that if he went to the police judge who issued the warrant, and made a statement of the facts connected with the loss of his money, for stealing which appellee was arrested, and the judge issued the warrant "on his own discretion," they ought to find for the defendant; and in the fourth instruction the court was asked to say that if the appellant "laid the facts of the robbery of his store before Hillman, a professional detective and police officer, and that said Hillman directed defendant to get the warrant and controlled the detention, arrest and search, they must find for the defendant, provided they further believe that defendant stated to said Hillman the facts of the robbery as he actually knew them to exist."

Waiving other objections to these instructions, we think they were properly refused, because under them the jury would have been authorized to find for the defendant, although they may have believed he had not the slightest reason for believing the appellee had been guilty of the crime imputed to him, and may also have believed that appellant was prompted alone by malice toward him. The appellant cannot excuse himself because others may have been as regardless of appellee's rights as he has, if he in fact acted without probable cause, and with malice, in causing the warrant to issue and the arrest to be made. The mistake or bad faith of others, through officers and "professional detectives," cannot defeat the appellee's right to redress, if he has been maliciously arrested without probable cause. The sixth instruction asked by appellant was properly refused. The jury had been permitted to hear the evidence as to appellee's character, and it was needless to tell them they might consider it; and it would have been error to tell them that if he was of bad character, it should mitigate their verdict. Whether the facts affecting appellee's character should mitigate the verdict was a question for the jury, and not for the court.

We see no substantial error to the prejudice of appellant in any of the instructions given at the instance of appellee, except in the ninth, which, as copied into the record, reads as follows: "The court instructs the jury that if they believe from the evidence that the defendant caused a warrant to issue against the plaintiff on December 11, 1872, and said Aden was arrested and held deprived of his liberty by reason of said arrest, and that said warrant was procured without probable cause, they must find for the plaintiff in any sum not exceeding $5,000."

This instruction required the jury to find for the plaintiff upon proof of want of probable cause, and was, therefore, erroneous, and may have misled the jury, although the law on this point was correctly laid down in the succeeding instruction. To authorize a recovery in such a case as this there must be both malice and want of probable cause. The court, at the instance of appellant, defined "probable cause," and we see no substantial objection to that instruction. But whether it be right or not, it was given as asked and appellant cannot complain of it. We cannot determine upon anything in this record that the court abused a sound discretion in limiting the time to be occupied in arguing the case to the jury. The court must of necessity have a very wide discretion in such matters. It may often be absolutely necessary to limit the time for argument, and while this power should be cautiously exercised with a view to the importance of the cause and the volume of the evidence and instructions and the state of the docket, the existence of the power cannot be doubted.

For the error in giving the instruction numbered 9, the judgment is *reversed* and the cause remanded with directions to award appellant a new trial, and for further proceedings not inconsistent with this opinion.

*Wright & McElroy, J. A. Mitchell, for appellant.*
*R. Rodes, for appellee.*